

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2005

# Hudson v. Coxon

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1542

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hudson v. Coxon" (2005). *2005 Decisions.* Paper 511.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/511

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1542
_____

HUBERT THORNTON HUDSON,

Appellant

v.

JOSEPH COXON, II; DUQUESNE POLICE
DEPARTMENT; CITY OF DUQUESNE

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00516)
District Judge:  Honorable Gary L. Lancaster

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
August 22, 2005

Before: ALITO, SMITH AND COWEN, <u>CIRCUIT JUDGES</u>

(Filed September 21, 2005)
_____

OPINION
_____

PER CURIAM

     This appeal arises from the dismissal of Appellant Hubert Hudson's complaint as a sanction for his failure to respond to the Defendants' motion to dismiss.  For the reasons that follow, we will affirm.

The parties are familiar with the facts, thus, we will only briefly summarize them here. On March 28, 2003, Duquesne Police Officer Joseph Coxon and his partner observed a car with a flat tire run a stop sign and turn the wrong way on a one-way street, at which time the Officers pulled over the vehicle and identified Hudson. Hudson was obviously impaired and failed field sobriety tests. He was arrested for driving under the influence. The next day, Hudson went to the emergency room with pain in his wrists and elbow. He was treated for contusions, given pain medication, and sent home.

Hudson was convicted on the above offense and was sentenced to forty-eight hours in jail and a year probation. On April 2, 2004, he brought the instant action. His somewhat cryptic complaint raises the following claims: (1) excessive force; (2) lack of probable cause for the arrest; (3) cruel and unusual punishment; (4) violation of equal protection; and (5) the Trial Court committed numerous Fourth, Sixth, and Fourteenth Amendment violations. He seeks monetary relief and a reversal of his conviction.

The Appellees moved to dismiss the complaint or for summary judgment on December 1, 2004. Two weeks later the District Court ordered that "any response in opposition . . . shall be filed on or before January 14, 2005." Hudson v. Coxon, No. 04-00516 (W.D. Pa. Dec. 15, 2005). Hudson did not file a response. On February 9, 2005, the District Court reviewed the factors announced in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), and dismissed the complaint for failure to prosecute. Hudson appealed and requests a default judgment.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the dismissal of a complaint under Federal Rule of Civil Procedure 41(b) for abuse of discretion. Id. In determining whether the District Court abused its discretion, "we will be guided by the manner in which the court balanced the Poulis factors and whether the record supports its finding." Ali v. Sims, 788 F.2d 954, 957 (3d Cir. 1986). The factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice, to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868.

First, we agree with the District Court that Hudson is personally responsible for failing to respond. However, we fail to see how the Appellees suffered prejudice. The delay in this case was brief. The Appellees were not required to file any additional documents, nor did they incur any additional expenses. While we agree with the District Court that extensive delays could be prejudicial, there is no indication any further delay would occur. The District Court observed that Hudson's claims are likely meritless, which implies that if the District Court adjudicated the motion to dismiss, the Appellees would have succeeded on their motion without suffering additional costs or delay.

We also disagree that Hudson exhibited a history of dilatoriness. Nowhere, other than his failure to oppose the motion to dismiss, does Hudson exhibit an inability to

3

timely prosecute the case.[1]  Further, there is no indication that Hudson's failure to respond was willful or in bad faith as defined by this Court.  Willful is not synonymous with intentional.  Rather, conduct is willful if it exhibits signs of "strategic or self-serving" behavior.  Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874-75 (3d Cir. 1994).  Hudson's informal brief provides little guidance, but it does not appear that he was attempting to harass, delay, or intimidate the Appellees.

We also disagree that no effective alternative sanction exists.  The District Court assessed only two alternatives: monetary sanction or attorney discipline.  We concur that neither of these alternatives would be effective.  However, other options are available, such as barring the filing of any response and adjudicating the motion to dismiss on the merits, "warning, . . . placing the case at the bottom of the calendar, . . . [or] the preclusion of claims . . . ."  Titus v. Mercedes Benz of N. Am., 695 F.2d 746, 750 n.6 (3d Cir. 1982).  Here, the District Court never once warned Hudson that failure to respond could lead to a dismissal, nor did it even consider whether a warning could be effective.

Finally, even acknowledging that the complaint lacks merit, as discussed below, four factors counsel against dismissing the complaint for failure to prosecute.[2]  Thus, the

---

[1]  Rather, the Appellees' conduct exhibits a greater dilatory history.  Hudson filed his complaint in April, 2004.  The Appellees' did not respond until September 28, 2004, and then only to request an additional extension of time.  The District Court granted the motion and gave Appellees until November 30, 2004, to file an answer.  Still, Appellees did not file their response until December 1st, when they moved to dismiss the complaint.

[2]  We have never held that Poulis' sixth factor is determinative.  To do so would confuse Rule 12(b)(6) with Rule 41(b), which we refuse to do.

4

balance in this case strongly weighs in Hudson's favor. While we hold that the District Court abused its discretion in dismissing the complaint for failure to prosecute, see Hanover Potato Products, Inc. v. Shalala, 989 F.2d 123, 127 (3d Cir. 1993) (explaining when abuse of discretion exists), we will affirm because Hudson fails to state a claim upon which relief can be granted. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 29 (3d Cir. 1991) (concluding that even if a complaint is incorrectly dismissed for failure to prosecute, this Court may affirm on the merits where the complaint fails to state a claim).

With respect to Hudson's excessive force claim, he fails to make a prima facie showing that the arresting officer used excessive force. The standard is one of reasonableness, which assesses the circumstances "from the 'perspective of a reasonable officer on the scene.'" Carswell v. Borough of Homestead, 381 F.3d 235, 240 (3d Cir. 2004) (quoting Tennessee v. Garner, 471 U.S. 1, 11 (1985)). Hudson alleges injury to his wrists, but never explains how the injuries occurred or what action he believes was excessive. Nothing in the record supports even an inference of unlawful conduct.

Next, his cruel and unusual punishment claim fails because the Eighth Amendment's protections do not apply "until after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." Graham v. Connor, 490 U.S. 386, 398-99 (1989). Additionally, to the extent that Hudson's claims attempt to challenge the process leading to and the validity of his conviction, he cannot raise a claim under 42 U.S.C. § 1983. See Heck v. Humphrey, 512 U.S. 477, 486-87

(1994); Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002) (barring § 1983 actions where a favorable ruling would necessarily imply the invalidity of a conviction). The remaining equal protection claim is also flawed. Hudson fails to assert that he "received different treatment from that received by other individuals similarly situated." Keenan v. City of Philadelphia, 983 F.2d 459, 465 (3d Cir. 1992) (citations omitted).

For the foregoing reasons, we will affirm the District Court's order dismissing the complaint.